471 A.2d 897

COMMONWEALTH of Pennsylvania

v.

Malichi Ronald VERNON, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 1, 1983.

Filed Feb. 10, 1984.

William R. Nalitz, Waynesburg, for appellant.

398

Charles J. Morris, District Attorney, Waynesburg, for Commonwealth, appellee.

Before ROWLEY, WIEAND and HESTER, J.

PER CURIAM:

Appellant, Malichi Ronald Vernon, was found guilty, following a jury trial, of burglary and sentenced to a term of imprisonment of not less than ten years nor more than twenty years by the Court of Common Pleas of Greene County, Pennsylvania. Appellant's motion for a new trial was denied and this appeal was taken from the judgment of sentence.

The facts, viewed most favorably to the Commonwealth's position, are summarized accordingly:

On October 15, 1981, appellant met Larry Huff at the Wagon Wheel restaurant in Waynesburg, Pennsylvania.[1] Appellant inquired whether Huff knew of any means to raise cash. Huff informed appellant that Huff's uncle, Robert Wise, kept firearms in his house in Blacksville, Pennsylvania, and that the sale of these firearms would produce cash. Thereafter, appellant and Huff drove in appellant's van to Wise's house, found no one present, entered without authority and removed therefrom a 30.30 rifle, 30.06 rifle, .22 rifle, .22 bolt shotgun and boxes of shells.

The men then arranged a rendezvous with appellant's wife at Old Dump Road where the men transferred the stolen property from the van to appellant's 1968 Chevrolet Impala. Appellant's wife departed for home in the van while appellant and Huff drove the Impala to the house of appellant's father.

At appellant's suggestion, Huff fabricated his financial condition in an effort to win the sympathy of appellant's father. Accordingly, Huff told appellant's father that his

1. Larry Huff was appellant's natural son. Huff was born out of wedlock, and appellant and Huff's mother never married. Huff was raised by his mother and eventually adopted by his mother's husband.

wife had left him, thereby forcing him to scrape for money. Appellant's father agreed to purchase the 30.30 rifle for $50.00.

Subsequently, appellant and Huff drove to the house of appellant's brother and immediately thereafter to "some kid's house." Finding no one present at either residence, the men pursued another sale at Albert Laterio's house in Dunbar. Laterio purchased the 30.06 rifle for $50.00 and a 12-gauge shotgun.

Following this sale to Laterio, the men separated and appellant retained possession of the .22 bolt shotgun, .22 rifle and the 12-gauge shotgun. Appellant individually sold the .22 rifle to David Hopkins for $40.00. Appellant was apprehended a few days later and charged with burglary and receiving stolen property.

Appellant argues that the lower court erred in failing to direct a law enforcement officer at trial to disclose the identity of a confidential informant. According to appellant, he was the victim of a conspiracy between the aforementioned Larry Huff and David Hopkins. He intended to prove that David Hopkins either committed the crime for which appellant was charged or was fully apprised of the details of the crime, including the identity of the actual felon. In that regard, appellant contends that the identity of the confidential informant was indispensable to his defense. Furthermore, appellant directs us to the fact that the court's refusal to order disclosure at trial directly contravened its earlier pre-trial order which directed the Commonwealth to "provide a list of informants connected with the above styled actions." [2]

**2.** The entire pre-trial order dated November 18, 1981 is as follows:
ORDER
Upon reading and filing the below mentioned Motions;
Motion for Discovery
Motion for Production of Res Gestae Witnesses
Motion to Sequester Witnesses
IT IS HEREBY ORDERED THAT:
(1) The witnesses for the prosecution be sequestered during trial;
(2) The prosecution comply with the Motion for Discovery;

It would be helpful to capsulize that segment of the trial proceedings which is the nucleus of this controversy. Detective David Clark of the Waynesburg Police Department testified on direct examination that following his receipt of information from an informant he contacted David Hopkins. Hopkins informed Detective Clark that he purchased a .22 lever action rifle from appellant. On cross examination of Detective Clark, appellant's counsel sought the identity of the informant who had revealed that Hopkins purchased the firearm from appellant. The Commonwealth's objection to this inquiry was sustained on two grounds: 1) David Hopkins was available to appellant on cross examination thereby allowing appellant to determine Hopkins' role; 2) the fact that Detective Clark's informant was confidential was raised for the first time by appellant on cross examination of Detective Clark.

Neither of the grounds upon which the Commonwealth's objection was sustained gain our approval. Whether identity of the confidential informant should be disclosed had been settled by the pre-trial order; the trial court was without authority to consider that same issue at trial. Appellant's defense was that Hopkins, Huff and perhaps others schemed to falsely implicate him in the crime. At the pre-trial hearing on appellant's discovery motion, the court apparently agreed that this defense warranted disclosure of all confidential informants. Appellant's opportunity to cross-examine Hopkins and his introduction of the confidential informant issue on cross-examination of Detective Clark cannot provide acceptable alternative to the pre-trial order.

The Commonwealth acknowledges the order dated November 18, 1981, which directed it to disclose the identity of all informants; however, the Commonwealth argues that the order was modified by agreement between parties. The

(3) The prosecution provide a list of informants connected with the above styled criminal actions, with a brief summary of the information provided by these informants to the officers in charge of these cases.

agreement allegedly provided for the Commonwealth's disclosure of the identities of only those informants whom appellant suspected. The Commonwealth contends that due to the fact that the informants were not those whom appellant suspected, no names were revealed. We are directed to pages 26 and 27 of the transcript for evidence of this agreement and appellant's acknowledgement of the terms thereof.

■ We have perused those pages of the transcript. Although the prosecutor discusses an agreement, the terms therein are not similar to those outlined above. Furthermore, there is no indication from the transcript that appellant acknowledged the terms of the agreement and the fulfillment thereof. Therefore, we cannot agree that the order of November 18, 1981 was modified; it remained in force to the day of trial.

■ The Commonwealth also argues that appellant waived this issue for appeal. We disagree. According to the Commonwealth, appellant's alleged acknowledgment of the agreement to modify the pre-trial order is evidence of his failure to object. As noted above, there is no evidence that appellant's counsel acknowledged an agreement. Furthermore, the following portion of the transcript reveals, through the court's sustaining of the Commonwealth's objection to counsel's inquiry on cross examination into the confidential informant's identity, that he raised the issue below in compliance with Pa.R.A.P. 302(a):

BY THE COURT: That testimony, as the Court understood it, all related to the witness, David Hopkins, who will be called and whom you will have a chance to cross examine and further, it is only a matter divulged by cross examination that raises the question that part of the information being supplied by a confidential source. The objection is sustained. *An exception noted to the defendant.*

(N.T. December 1, 1981, p. 29).

 The Commonwealth further notes waiver in appellant's failure to seek recourse through Pa.R.Crim.P. 305 E for the Commonwealth's refusal to disclose the identity of confidential informants. Rule 305 E provides for an order permitting discovery, inspection or a continuance, an order prohibiting the use of evidence not disclosed or any order appropriate and equitable where one party fails to comply with a discovery order. The Commonwealth is correct insofar as appellant did not specifically request a remedy under Rule 305 E; however, his decision not to do so does not amount to a waiver. We are cognizant of no rule which requires a party to pursue every course available in trial proceedings in order to preserve an issue on appeal. As long as an appellant raises a timely objection at trial on the issue and attempts redress in post-trial motions, the issue is proper for appeal. See Pa.R.Crim.P. 1123(c)(3); Pa.R.A.P. 302(a). Here the issue of the confidential informant's identity was raised both at trial and again in post-trial motions. Rule 305 E was an option available to appellant, but not a mandatory course for appeal.

 Furthermore, appellant filed a discovery motion, obtained a pre-trial order for disclosure of the informant's identity and searched at trial for that identity. Rule 305 E does not indicate that a party must specifically request the relief which it provides. We think it sufficient where the noncompliance of a discovery order is brought to the court's attention. At that point, the court may institute one or more of the remedies provided. Appellant's inquiry on cross-examination into the identity of the confidential informant and his objection to the court's prohibition of that inquiry, informed the court of the Commonwealth's noncompliance with the pre-trial order. Nothing further was necessary to acquire Rule 305 E relief, except the court's order providing it.

Judgment of sentence reversed and new trial granted.

WIEAND, J., concurs in the result.