J-S49007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
         :           PENNSYLVANIA
         :
      v.            :
         :
         :
PAMELA HASSON,          :
         :
      Appellant     :     No. 1139 WDA 2016

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0001859-2015

BEFORE:     DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

MEMORANDUM BY DUBOW, J.:            **FILED AUGUST 8, 2017**

Appellant, Pamela Hasson, appeals from the Judgment of Sentence entered in the Washington County Court of Common Pleas on June 30, 2016, following her conviction of one count each of Possession With Intent to Deliver ("PWID") and Possession of a Controlled Substance.[1]  We affirm.

The relevant facts, as gleaned from the trial court's Opinion, are as follows.  At trial, the Commonwealth presented the testimony of three police officers who witnessed Appellant sell and deliver eight plastic bags stamped with a red horse to a confidential informant ("CI").  On May 19, 2016, Detective Robert Martin and the CI took part in a controlled "drug buy" in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 35 P.S. § 780-113(a)(16), respectively.

the parking lot of a Family Dollar store in Washington, PA. Detective Martin and the CI were in the CI's car. Detectives Jonathan Miller and Peter Jaskiewicz were in a car parked at GetGo gas station approximately twenty to forty feet from the CI's car.

Appellant stopped at the driver's side door of the CI's car and handed the CI glassine containers known as stamp bags, stamped with a red horse. In exchange for those bags, which were later determined to contain heroin, the CI gave Appellant money.

Detective Martin testified that he never left the passenger-side seat of the car, that the transaction occurred no more than four feet from where he sat, and that the CI never left his sight. He also testified that he was clearly able to see the woman from whom the CI purchased the heroin. Detective Martin described her as wearing a pink shirt and white shorts, and identified her as Appellant.

Detective Miller had worked with this CI before and that while working with the CI, the CI had indicated that they could "buy narcotics off of Pam." Detective Miller testified that he was familiar with "Pam" and knew she resided on Sammy Angott Way, which was only a short distance from the Family Dollar store where the heroin transaction took place. After the sale, Detective Miller saw Appellant walk in the direction of Sammy Angott Way. Detective Miller unequivocally identified Appellant as the person who took part in the heroin transaction with the CI.

Detective Jaskiewicz also identified Appellant as the person who exchanged drugs for money with the CI. He likewise confirmed that he saw Appellant walk toward Sammy Angott Way following the transaction, and that he knew she lived there. He testified that the detectives chose their surveillance location so they could watch Appellant come and go from that direction. **See** Trial Ct. Op., 11/9/16, at 3-7.

On March 15, 2016, after a one-day jury trial, the jury returned a guilty verdict on the above charges. On June 30, 2016, the court sentenced Appellant to a term of 12 to 24 months' incarceration for the PWID conviction, and imposed no further penalty for the Possession conviction.[2] Appellant did not file a Post-Sentence Motion.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> The [c]ourt erred in denying [Appellant's] [M]otion for [J]udgment of [A]cquittal at the close of the Commonwealth's case in chief, as the evidence presented at trial was not sufficient to prove the charges beyond a reasonable doubt. Specifically, the evidence lacked the testimony of the confidential informant and consisted of the biased testimony of police officers.

---

[2] Also at Appellant's sentencing hearing, the trial court accepted Appellant's guilty plea to an unrelated PWID charge and sentenced Appellant to a consecutive term of 12 to 24 months' incarceration on that conviction. **See** Case No. CP-63-CR-1947-2015

Appellant's Brief at 6.

In her sole issue on appeal, Appellant purports to challenge the sufficiency of the Commonwealth's evidence in support of her conviction. Specifically, she argues that by relying solely on police testimony identifying her and not presenting the testimony of the CI, the Commonwealth failed to prove its case beyond a reasonable doubt. Appellant's Brief at 8-9.

Although presented as a sufficiency claim, the focus of Appellant's argument is, at its core, not actually that the testimony of Detectives Martin, Miller, and Jaskiewicz was insufficient to establish the elements of the crimes with which the jury convicted her. Rather, Appellant baldly claims, relying on **Commonwealth v. Carter**, 233 A.2d 284 (Pa. 1967), that because of their positions as police officers, all of the officers' testimony lacked credibility and the jury should not have believed it.[3] **Id.** at 8. Appellant is essentially challenging the weight the jury gave to the Commonwealth's evidence.

A challenge to the weight of the evidence must be preserved either in a Post-Sentence Motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). As noted in the comment

---

[3] We are unpersuaded by Appellant's reliance on **Commonwealth v. Carter**, **supra**, which recognized that police officers often have a "competitive [interest] in [ferreting] out crime[,]" which made that Court "reluctant to permit the establishment of facts crucial to criminal guilt solely by police testimony based on a single observation where testimony from a more disinterested source is available." **See Carter**, 233 A.2d at 288.

to this rule, "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.* cmt. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review. *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014).

Our review of the record indicates that Appellant failed to raise the issue in the trial court prior to sentencing or in a Post-Sentence Motion.[4] Accordingly, we find that Appellant has waived her challenge to the weight of the evidence.

To the extent that Appellant claims that the Commonwealth provided insufficient evidence to sustain her conviction because it did not present the CI's testimony, we note that she did not timely object to the Commonwealth not presenting the CI as a witness and did not file a Motion to Compel disclosure of the CI's identity. Accordingly, Appellant has also waived this issue for review. *See* Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Vernon*, 471 A.2d 897, 900 (Pa. Super. 1984) (the disclosure of a CI's identity is properly preserved for appeal if the appellant

_____

[4] Moreover, in her Brief, Appellant failed to provide a "[s]tatement of place of raising or preservation of issues" for her weight of the evidence claim, as required by Pa.R.A.P 2117(c) and Pa.R.A.P. 2119(e).

raises a timely objection at trial on the issue and attempts to redress it in a Post-Trial Motion).

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2017