442 A.2d 230

**COMMONWEALTH of Pennsylvania**

v.

**Russell WRIGHT, a/k/a Azim Malam Abdul Ali, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1982.

Decided March 10, 1982.

494

D. Webster Keogh, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Michelle Goldfarb Lehr, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the Court of Common Pleas of Philadelphia which dismissed the petition of appellant Russell Wright for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq. Notwithstanding appellant's numerous allegations of ineffective assistance of trial counsel, the record supports the determination of the PCHA court that appellant failed to prove his entitlement to relief. Hence, we affirm.

### I

Appellant was arrested in May of 1970 on charges of assault with intent to ravish and murder of the first degree in connection with the death of Lorraine Miles, a thirteen-year old.[1] The victim died in March of 1970 as a result of a fall from the outside ledge of the living room window of her family's fourth-story apartment to the street below. Based

---

1. Appellant was also charged with burglary. The trial court sustained a demurrer to this charge.

on interviews with children living at the Miles residence, police determined that, just before her fall, the victim had been trying to avoid the advances of appellant, who had been living at the apartment.

Appellant's trial counsel, John J. King, Esq., was appointed in the early part of July, 1970.[2] Following a preliminary hearing, conducted on July 22, 1970, appellant was held for trial.

Several continuances followed. In April of 1971, appellant filed a pro se "Application for Dismissal of Indictments" alleging that his right to a speedy trial had been violated. Appointed counsel filed a brief in support of the application and argued the matter on appellant's behalf. The court denied relief and, after additional continuances, trial was set for July, 1971.

On July 14, 1971, at a hearing held before the commencement of jury selection, appellant asked the trial court to appoint new counsel on the ground that his existing counsel was unfamiliar with the case. Counsel then described his preparation for the case and counsel advised the court that, although he had asked appellant "a number of times" to supply him with a list of witnesses, appellant had failed to cooperate. After hearing counsel's version, and reviewing the history of the case, the court denied appellant's request and asked appellant to submit a list of witnesses who he believed would aid his defense. Appellant complied with the court's request. After appellant's list of witnesses had been read into the record, the court stated, "All right. Let's subpoena them."

The Commonwealth's case against appellant was based largely upon the testimony of three of the children who had been living at the Miles residence. The children testified that, shortly before the victim's death, in an early hour of the morning, appellant had entered the apartment and reprimanded the children for not being asleep. He then ordered

2. Also appointed was Oscar Spivack, Esq. Spivack represented appellant along with King at appellant's preliminary hearing, but withdrew his representation before trial.

the victim to disrobe and to get into his bed, and slapped the victim after she refused to do so. The children further testified that, fearing for the victim's safety, they had fled the apartment building through a rear exit and sought to contact the police. The children stated that, upon returning to the building, they had observed appellant making a swinging motion toward the victim just before the victim fell. The Commonwealth also presented the testimony of Mrs. Fannings, a neighbor of the Miles family. Mrs. Fannings testified that, a few days before the victim's death, the victim had come to her residence because appellant had attempted to "mess with [her]."

Appellant testified in his own defense, denying both that he had assaulted the victim and that he had caused the victim to fall. Additionally, appellant presented the testimony of several persons who detailed acts of violence which allegedly had been committed by the children who testified for the Commonwealth. Three of the persons named in appellant's list of witnesses, a Miss Cotter, an R. Neal, and a Mrs. Knox, did not testify.

The jury found appellant guilty as charged. Following the denial of post-verdict motions, the court imposed a sentence of life imprisonment for the murder and a suspended sentence for the assault.

Although a notice of appeal to this Court was filed by appellant's trial counsel, the appeal was pursued by newly-appointed counsel. The brief filed by new counsel challenged the admissibility of portions of the testimony of the children, as well as the testimony of Mrs. Fannings relating to the victim's late-night visit a few days before her death. This Court affirmed the judgment of sentence, holding that appellant's challenges to the testimony of the children had not been properly preserved at trial, and that the testimony of Mrs. Fannings had been properly admitted for the limited purpose of proving that the victim had placed herself on the window ledge out of fear of appellant. 455 Pa. 480, 317 A.2d 271 (1974).

## II

Appellant commenced the present PCHA proceeding by filing a pro se petition for relief. The court of common pleas appointed counsel unassociated with either of appellant's two previous counsel.

In an amended petition, new counsel alleged on appellant's behalf that trial counsel was ineffective in (1) failing to object to testimony of the medical examiner regarding the "possibility" that the victim's vagina had been penetrated, (2) failing properly to object to testimony relating to previous sexual misconduct of appellant, (3) failing to seek a continuance despite counsel's alleged lack of preparation, and (4) failing to present witnesses who allegedly would have provided exculpatory testimony.[3] In its answer, the Commonwealth contended that the first two allegations had been "finally litigated or waived" within the meaning of section 4 of the Post Conviction Hearing Act. The Commonwealth denied the third allegation as "outside the knowledge of respondent." It also denied the fourth allegation and demanded proof to substantiate the claim.

At the hearing on appellant's petition, held in February of 1979, appellant confined his evidence to the third and fourth allegations of ineffective assistance. Appellant testified that trial counsel had not spoken with him about his case until the day before trial. Appellant further claimed that, once he had had an opportunity to speak with trial counsel, he had advised counsel that he wanted "certain witnesses" to be called. However, according to appellant, "the witness that I had wanted [trial counsel] to bring, he never brought." On cross-examination, appellant revealed that "the witness" was Mrs. Knox, one of the persons who had been included on the list of witnesses prepared by appellant before trial and submitted to the court. Appellant claimed that Mrs. Knox would have testified that she had been raped

---

**3.** PCHA counsel filed a supplemental petition alleging that two Commonwealth witnesses had recanted their testimony. Following the entry of the order of the PCHA court denying relief, this allegation was withdrawn by appellant's present counsel (appointed for purposes of this appeal).

by two of the children who testified for the Commonwealth. On further cross-examination, appellant admitted that he had not told trial counsel why he wanted Mrs. Knox to be called as a witness, but claimed that he "didn't have a chance to tell [trial counsel] hardly anything."

The testimony of appellant's trial counsel, on behalf of the Commonwealth, was in harmony with the representations which trial counsel had made to the court shortly before trial, when appellant had sought new trial counsel. Counsel maintained that appellant had failed to comply with counsel's request for a written account of the episode and a list of witnesses. Counsel stated that, despite appellant's failure to cooperate, he had independently sought to "build a foundation of the case" from the notes of testimony of the preliminary hearing and available Commonwealth evidence. According to counsel, once appellant had provided a list of witnesses, he interviewed all persons available. Counsel added that he had afforded appellant every opportunity to participate in all aspects of the defense and, as in the case of appellant's pro se motion for dismissal of the charges, had pursued his client's wishes as fully as possible.

In the opinion in support of its order denying relief, the PCHA court concluded that all of appellant's allegations of ineffective assistance had been either finally litigated or waived because of appellant's failure to raise the claims on his direct appeal. The court also credited trial counsel's testimony at the evidentiary hearing. Thus, the PCHA court concluded that, even if not finally litigated or waived, appellant's challenges to trial counsel's preparation for trial were without merit. This appeal followed.

### III

Section 3(d) of the Post Conviction Hearing Act states that a person seeking post-conviction relief is to prove "[t]hat the error resulting in his conviction and sentence has not been . . . waived." The Act further provides:

"[A]n issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . . and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

§ 4(b). Failure to raise an issue gives rise to a rebuttable presumption that the failure is "knowing and under-standing." § 4(c). In *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), this Court unanimously held that a PCHA petitioner seeking to challenge the effectiveness of trial counsel for the first time in PCHA proceedings must either prove the existence of extraordinary circumstances justifying his failure to raise the claim on direct appeal, § 4(b)(2), or rebut the presumption that his failure to raise the claim on direct appeal was knowing and understanding, § 4(c). 460 Pa. at 99–101, 331 A.2d at 437–38.

We agree with the PCHA court that appellant's challenges to trial counsel's failure to object to Commonwealth evidence relating to the possibility of penetration and to appellant's previous sexual misconduct must be deemed waived for purposes of the Act. In its answer to appellant's petition for post-conviction relief, the Commonwealth specifically contended that these two claims of ineffectiveness had been waived. Nonetheless, appellant failed to offer either any evidence of the existence of extraordinary circumstances justifying his failure to raise the claims at the earliest opportunity, or any evidence that would rebut the presumption that his failure to raise the claims previously was knowing and understanding. These claims of ineffectiveness, therefore, must fail.[4]

4. We decline to excuse appellant's failure to present appropriate evidence solely on the basis of his unsubstantiated allegation that PCHA counsel was ineffective. This allegation, raised for the first time on this appeal, is sharply disputed by the Commonwealth, and must first be resolved in a proper evidentiary forum.

Appellant also alleges the ineffectiveness of all previous counsel in several other respects. These allegations have not been considered by the PCHA court, and our disposition in no respect encompasses these allegations. See *Commonwealth v. Rashed,* 496 Pa. 26, 34

Appellant's contentions relating to trial counsel's preparation stand on somewhat different footing. Like his other contentions which the PCHA court properly deemed waived for purposes of the Act, these contentions were cognizable on appellant's direct appeal. However, unlike his other contentions, these contentions were directly challenged by the Commonwealth on their merits, both by answer and by evidence, without regard to the issue of whether the contentions had been waived. Based on the Commonwealth's responses to appellant's claims, it must be concluded that there was no dispute at the PCHA proceedings on the issue of whether appellant had waived his contentions relating to trial counsel's preparation for trial. Accordingly, we shall review only the PCHA court's determination that appellant failed to substantiate his claims that counsel was not properly prepared.[5]

■ Appellant premises his contention that counsel should have sought a continuance largely on his assertion that counsel failed to ask him anything about the case until the day before trial. Counsel, however, specifically testified to the contrary and attributed any delay in his receipt of appellant's version and list of witnesses to appellant's lack of cooperation. Counsel added that, while awaiting appellant's information, he had followed his practice of investigating all aspects of the Commonwealth's case. These assertions of counsel at the PCHA hearing were identical to the representations which counsel had made shortly before trial, when appellant sought the appointment of new counsel. As to his claim that trial counsel had failed to produce the testimony of witnesses favorable to the defense, it was only on cross-examination at the PCHA hearing that appellant revealed the name of the one person whom, in appellant's view,

n.5, 436 A.2d 134, 138 n.5 (1981); *Commonwealth v. Green*, 494 Pa. 406, 408 n.1, 431 A.2d 918, 919–20 n.1 (1981).

5. We note that the record does not support the PCHA court's determination that appellant's claims of ineffectiveness were "finally litigated." Neither the trial court nor this Court ruled on the merits of the ineffectiveness claims. See Post Conviction Hearing Act, § 4(a); *Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979).

counsel should have presented at trial. However, the trial record indicates that efforts were indeed made to subpoena appellant's "key witness." Although trial counsel did not remember a discussion with appellant's witness, trial counsel testified that he had spoken to all available witnesses, and that he would have presented the testimony of any witness who would have benefited appellant's case.

We are satisfied that the PCHA court had ample basis upon which to credit the testimony of trial counsel over the testimony of appellant. Because the PCHA court acted well within its province as fact-finder, the determination of the PCHA court may not be disturbed. See, e.g., *Commonwealth v. Clayton*, 496 Pa. 492, 437 A.2d 1147 (1981); *Commonwealth v. Lutz*, 492 Pa. 500, 424 A.2d 1302 (1981).

Order affirmed.