601 A.2d 833

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert L. ROWE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 1991.

Filed Jan. 9, 1992.

Daniel H. Greene, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant, Robert Rowe, takes this nunc pro tunc appeal from the Order entered January 6, 1988 dismissing, without a hearing, his third petition for relief under the Post Conviction Hearing Act (PCHA).[1]

The extensive history behind this appeal began in September 1973 when a jury convicted appellant of first degree murder, two counts of aggravated robbery and conspiracy. Following the denial of post-trial motions by the Honorable James T. McDermott (now Justice McDermott of the Supreme Court), appellant, on November 29, 1973, was sentenced to an aggregate term of imprisonment of life plus ten (10) to twenty (20) years.[2] Summarily, the following have occurred since the time of sentencing.

1. Effective April 13, 1988, the Pennsylvania Legislature repealed in part and substantially modified in part the Post Conviction Hearing Act, renaming it the Post Conviction Relief Act. Act of April 13, 1988, No. 47 § 3, 1988 Pa.Legis.Serv. 227, 42 Pa.C.S. §§ 9541–9546. As the instant petition was filed prior to the effective date of the PCRA, it must be evaluated under the PCHA.

2. Appellant's first PCHA action was filed on November 5, 1973 prior to sentencing. It was dismissed as procedurally improper on December 3, 1973.

—Judgment of sentence was affirmed by the Supreme Court on direct appeal. *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974).

—Petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania dismissed without a hearing on February 7, 1975.

—Motion for certificate of probable cause and appointment of counsel in the Third Circuit Court of Appeals rejected.

—Second PCHA petition filed June 29, 1981 and denied November 29, 1983 following an evidentiary hearing.

—Appeal from denial of PCHA relief affirmed by this Court on March 6, 1985. *Commonwealth v. Rowe,* 343 Pa.Super. 617, 494 A.2d 485 (1985) (unpublished memorandum) (allocatur denied).

—Appellant filed a third PCHA petition on August 15, 1986. Counsel was appointed, an amended PCHA petition was filed and subsequently counsel filed a "no merit" letter regarding appellant's claim and, moreover, found no other issues of arguable merit. The Honorable Joseph O'Keefe undertook his own independent and careful review of the record and, like counsel, finding no issues of arguable merit, dismissed the petition without a hearing.

—An appeal was filed in this Court but dismissed on September 30, 1988 due to counsel's failure to file a brief.

—New counsel was again appointed, and an amended PCHA petition was filed alleging prior counsel's ineffectiveness for not filing a brief in this Court resulting in dismissal of the appeal. With the agreement of the Commonwealth, appellant's right to appeal was restored nunc pro tunc and appellant was returned to the same status he had when the prior appeal to this Court was filed. The instant appeal was filed May 13, 1991.

—Present counsel was appointed on July 24.

Counsel now poses an entirely new issue for our consideration—"Whether all prior counsel were ineffective for not

recognizing that the prosecutor impermissibly elicited from defendant that he was unemployed in order to ascribe to him a motive for the robbery." (Appellant's brief, p. 3.)[3]

Our extensive and careful review of the record in this matter leads us to conclude not only does the issue presented lack merit but procedurally it never should have reached us under the guise of ineffectiveness of counsel and brought by appellant's at least *sixth* court-appointed counsel.

 With regard to allegations of trial counsel's ineffectiveness the test is well settled. Our initial inquiry must determine whether the underlying claim is of arguable merit. If the claim is devoid of merit, our inquiry ceases for counsel will not be deemed ineffective for failing to pursue an issue without merit. If, however, the claim possesses merit, we must determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests. Finally, appellant must demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Tressler*, 526 Pa. 139, 584 A.2d 930 (1990). The law presumes counsel is effective and the burden of establishing ineffective assistance is on the appellant. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985).

 Following the Supreme Court's 1974 review of this case, our Court in 1985 carefully considered the complete record. Having done so, the Court stated:

> Our examination of the record leads us to conclude that appellant's appeal is wholly frivolous. The evidence clearly supports the finding that appellant was a co-conspirator and active participant in a planned robbery

---

**3.** In an extensive footnote to the above stated issue, counsel explains why issues presented in the prior PCHA petition were without merit and are, therefore, abandoned for appeal purposes. He then goes on to say why this issue, while being raised now for the first time, should be considered. He states that although the trial court could not have directly addressed the claim he impliedly did so and denied the allegation since having reviewed the record the court found no misconduct on the part of the prosecutor.

which resulted in murder. *There are no instances of reversible error on the record.*

Order affirmed; appellate counsel's motion to withdraw granted; appellant's *motion to remand for appointment of new counsel denied.*

*Rowe, supra,* unpublished memorandum at p. 4 (emphasis added).

In considering the above, two points are strikingly evident. This Court found no instances of reversible error on the record and appellant's motion for appointment of new counsel was denied. How then did so many successor counsel come to be *appointed* to a case without issues of arguable merit?

Our Supreme Court, in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988), addressed the problems posed by repetitive post-conviction petitions and court-appointed counsel. The Court, presented with a case not unlike this one with its beginnings in 1973, stated:

[T]he mere assertion of ineffective assistance of counsel is not sufficient to override the waiver and "finally litigated" provisions in the P.C.H.A., as to permit the filing of repetitive or serial petitions under the banner of that statute.[12] A repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate.... There has been no showing of a miscarriage of justice that would warrant entertaining his repetitive application for collateral relief.

12. The new provisions enacted by the General Assembly in the Act of April 13, 1988, clearly reflect a legislative perception that courts had been too generous in entertaining claims for relief under the former statute. For example, under the new 42 Pa.C.S. § 9543(a)(2)(ii), a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's stewardship "so undermined the truth-determining

process that no reliable adjudication of guilty or innocence could have taken place."

*Id.*, 519 Pa. at 513–14, 549 A.2d at 112.

Based on the Supreme Court's reasoning in *Lawson* and our discussion infra, we reject appellant's claim for collateral relief. Not only has this case been finally litigated on prior occasions but the sole issue which counsel now argues has been waived, is not properly before us and lacks merit.

As to waiver, the issue could have been raised on prior occasions and appellant has failed to offer any evidence of the existence of extraordinary circumstances justifying his failure to raise the claims at the earliest opportunity. Like the Supreme Court in *Commonwealth v. Wright*, 497 Pa. 492, 442 A.2d 230 (1982), we decline "to excuse appellant's failure to present appropriate evidence solely on the basis of his unsubstantiated allegation that PCHA counsel [here all prior counsel] was ineffective." *Id.*, 497 Pa. at 499 n. 4, 442 A.2d 233 n. 4. Regarding appellant's claim the Commonwealth does not oppose this appeal in the basis of waiver, we find that is not the case. The Commonwealth *does* argue waiver of this issue having only agreed to put appellant in the same position he was at the time of the dismissed appeal to this Court.

Whether or not appellant's employment status was a proper topic for questioning is, moreover, not properly before us due to the fact it was not until 1987 in *Commonwealth v. Haight*, 514 Pa. 438, 525 A.2d 1199 (1987), that our Supreme Court held it was improper to question a defendant about his employment status. As this trial took place in 1973 and appellant has cited us no earlier caselaw supporting his proposition, we find trial counsel and subsequent counsel were not ineffective for failing to predict a change in the law. *See Commonwealth v. Mitchell*, 391 Pa.Super. 100, 570 A.2d 532 (1990).

[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is

to be applied retroactively to cases where the issue in question *is properly preserved at all stages of adjudication up to and including any direct appeal.*

*Blackwell v. Commonwealth of Pennsylvania State Ethics Commission,* 527 Pa. 172, 188, 589 A.2d 1094, 1102 (1991) (emphasis added), quoting *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983). Because the issue posed by current counsel was not preserved at *any* stage of adjudication, it has not been preserved for our review. Moreover, even if we were to find the questioning as to appellant's unemployment was improper, we would find it to have been harmless error due to the overwhelming evidence presented to the jury which would have formed a sufficient basis for a finding of guilty even without the testimony at issue.[4] There is not even a reasonable possibility the alleged error may have contributed to appellant's conviction.

The Order denying PCHA relief without a hearing is affirmed. Appellant is not entitled to any further court-appointed counsel. Should appellant wish to proceed further he may do so *pro se* or through privately retained counsel. Court-appointed counsel is no longer available to him. *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). Should appellant elect to proceed in further frivolous and unwarranted procedures, the trial court should impose whatever sanctions and costs on him as are permitted by law.

Order affirmed.

---

4. For a comprehensive review of the evidence, see the Supreme Court's Opinion at *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974).