631 A.2d 207

**Stanley LAMPFIELD and Stella Lampfield, H/W**

**v.**

**KEENE CORPORATION, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, GAF Corporation, Southern Textile Corporation, Eagle–Picher Industries, Pacor, Inc., Owens–Illinois Glass Company, H.K. Porter Company, Inc., Garlock, Inc., and Pittsburgh Corning Corporation.**

**Appeal of KEENE CORPORATION**

Superior Court of Pennsylvania.

Argued April 28, 1993.

Filed Sept. 24, 1993.

410

Geraldine D. Zidow, Philadelphia, for appellant.

Martin Greitzer, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

The evidence in this case against several manufacturers of asbestos products was that Stanley Lampfield suffered from emphysema, probably caused by smoking, and from pleural thickening and plaques, probably caused by exposure to asbes-

tos.[1] The evidence was in disagreement as to whether the pleural thickening was asymptomatic. Defense evidence was that it was asymptomatic and that any shortness of breath had been caused by the emphysema. The claimant's evidence was that the pleural thickening was responsible for the "changes in volume and the loss in diffusing capacity" made apparent by pulmonary function tests, although it conceded that the shortness of breath was probably due to both his "asbestos disease and emphysema." The trial court submitted Lampfield's claim against asbestos manufacturers to the jury on instructions which allowed recovery for the "risk" of future cancer[2] and for Lampfield's "fear" that he might get lung cancer in the future. The jury awarded damages of $297,375.00 to Lampfield and $15,688.00 to his wife. Keene Corporation, the appellant herein, filed post-trial motions, which were denied. The trial court molded the verdict to be $44,723.28 in favor of the plaintiffs against Keene Corporation and added damages for delay in the amount of $41,402.70. Judgment, therefore, was entered against Keene Corporation in the amount of $86,125.98. This appeal followed.

In *Marinari v. Asbestos Corp., Ltd.,* 417 Pa.Super. 440, 612 A.2d 1021 (1992) and *Ottavio v. Fibreboard Corp.,* 421 Pa.Super. 284, 617 A.2d 1296 (1992), the Superior Court held that, in an action for exposure to asbestos, a plaintiff's claim may be made only for the harm caused by a disease or diseases which had manifested themselves at the time of trial and that a later, second action could be pursued if and when a separate disease occurred. The trial court's jury instructions were contrary to the *Marinari* and *Ottavio* holdings. See also: *Altiere v. Fibreboard Corp.,* 421 Pa.Super. 297, 617 A.2d 1302 (1992).

1. Lampfield has been retired since 1986 and is no longer exposed to asbestos. However, he continues to smoke an occasional cigarette.

2. The evidence was conflicting as to whether there was a risk of future lung cancer. Even the claimant's expert agreed, however, that the risk of cancer from the pleural thickening was less than 1% over claimant's life expectancy of 14.9 years. Defendants' expert said that there was no chance that cancer would be caused by the present, mild pleural thickening.

Where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

*Blackwell v. Commonwealth, State Ethics Comm'n,* 527 Pa. 172, 188, 589 A.2d 1094, 1102 (1991) quoting *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983). See also: *Commonwealth v. Rowe,* 411 Pa.Super. 363, 369–370, 601 A.2d 833, 836 (1992).

■ The parties are disagreed as to whether application of the *Marinari* and *Ottavio* holdings was properly preserved for appellate review; and, therefore, we have examined carefully the record provided to us. From this we perceive that appellant did not present in *argument* the precise reasoning followed by the Superior Court in *Marinari* and *Ottavio.* Indeed, it could not, for those cases had not been decided when the instant case was tried. The record does disclose, however, that throughout this case, during trial and in post-trial proceedings, appellant argued that the plaintiffs had failed to make out a case entitling them to recover damages for the risk and/or fear of future lung cancer. More specifically, appellant argued that a less than one in a hundred chance of getting cancer was an inadequate basis for awarding damages for either the "fear" or "risk" of future cancer. This, we hold, was sufficient to preserve for appellate review the issue of plaintiffs' right to recover such damages in this action.

Because the trial court's instructions to the jury were contrary to the holdings in *Marinari* and *Ottavio* and therefore in error, a new trial must be granted.

Reversed and remanded for a new trial. Jurisdiction is not retained.