640 A.2d 446

Theodore and Mary MURRAY, H/W

v.

PHILADELPHIA ASBESTOS CORPORATION, GAF Corporation, Raymark Corporation, Southern Textile Company, Garlock Inc., Fibreboard Corporation, Eagle–Picher Industries, Inc., Keene Corporation, Celotex Corporation, J.P. Stevens and Company, Inc., and Owens–Illinois, Inc.

Appeal of FIBREBOARD CORPORATION.

Theodore MURRAY and Mary K. Murray, H/W

v.

PACOR, INC., Eagle Picher Industries, Keene Corporation, Southern Textile Company, J.P. Stevens Company, Celotex, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, GAF Corporation, Forty–Eight Insulation, Inc. and Raymark, Inc.

Appeal of OWENS–ILLINOIS, INC.

Theodore MURRAY and Mary K. Murray, H/W

v.

PACOR, INC., Eagle Picher Industries, Keene Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Celotex, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, GAF Corporation, Forty–Eight Insulation, Inc. and Raymark, Inc.

Appeal of KEENE CORPORATION.

James R. and Eleanor L. SIMMONS, H/W

v.

PHILADELPHIA ASBESTOS CORPORATION, GAF Corporation, Raymark Corporation, Southern Textile Company, Garlock, Inc., Fibreboard Corporation, Eagle–Picher Industries, Inc., Keene Corporation, Celotex, Corporation, J.P. Stevens and Company, Inc., and Owens–Illinois Glass Co.

Appeal of FIBREBOARD CORPORATION.

James R. SIMMONS and Eleanor L. Simmons, H/W

v.

PACOR, INC., Eagle Picher Industries, Keene Corporation,

Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Celotex, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, GAF Corporation, Forty–Eight Insulation, Inc. and Raymark, Inc.

Appeal of OWENS–ILLINOIS GLASS CO.

James R. SIMMONS and Eleanor L. Simmons, H/W

v.

PACOR, INC., Eagle Picher Industries, Keene Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Celotex, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, GAF Corporation, Forty–Eight Insulation, Inc. and Raymark, Inc.

Appeal of KEENE CORPORATION.

Superior Court of Pennsylvania.

Argued March 9, 1993.

Filed April 11, 1994.

208

Ira Lefton and David A. Cohen, Philadelphia, for Fibreboard, appellant (at 2859 and 2862), Owens–Illinois, appellant (at 2860 and 2863), Keene Corp., appellant (at 2861 and 2864)

Steven J. Cooperstein, Philadelphia, for Murray and Simmons, appellees.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge.

Before this court are the consolidated appeals of Fibreboard Corporation ["Fibreboard"], Keene Corporation ["Keene"] and Owens–Illinois, Inc. ["O–I"] from the order of the Court of Common Pleas of Philadelphia County entered July 23, 1992. In the order, the court denied appellants' motion for judgment notwithstanding the verdict, new trial or remittitur; granted appellees', Theodore and Mary Murray and James and Eleanor Simmons, motions for delay damages; and entered judgment against appellants.

Appellant Fibreboard presents the following contentions of trial court error:

A. The court below erred in denying Fibreboard's motion for judgment notwithstanding the verdict.

B. The court below erred in denying Fibreboard's motion for a new trial.

C. The Court below erred in failing to grant Fibreboard's motion for remittitur.

D. The Court below erred in awarding delay damages.

Fibreboard's Brief at 3.

Appellants Keene and O–I present the following allegations of trial court error:

I. Did the trial court err in allowing into evidence portions of the Selikoff Study where such evidence lacked foundation, was hearsay and prejudicial to appellants?

II. Did the trial court err in failing to charge the jury that an award for an increased risk of cancer must bear a reasonable relationship to the size of the actual risk?

III. Are appellants Owens–Illinois, Inc. and Keene Corporation entitled to a substantial remittitur of the jury's award which was excessive and outrageous based upon the evidence adduced at trial?

Keene and O–I's Brief at 3.

Appellees brought suit against several asbestos manufacturers and suppliers including appellants for injuries allegedly resulting from occupational asbestos exposure. A reverse-bifurcated trial began on June 6, 1991, before the Honorable Charles Wright. The jury returned verdicts in favor of appellees, awarding $350,000 each. Subsequently, the parties stipulated Keene would be liable for one-sixth verdict share, Fibreboard for one-sixth verdict share and O–I for one-ninth verdict share to Simmons and one-seventh verdict share to Murray. Appellants filed post-trial motions requesting a judgment notwithstanding the verdict, new trial or remittitur. Appellees filed post-trial motions requesting delay damages. The court denied appellants' motions and granted appellees' motions. These timely appeals followed.

■ On December 3, 1993, Keene Corporation filed a bankruptcy petition under 11 U.S.C. § 301 in the United States Bankruptcy Court for the Southern District of New York. In light of the automatic stay provisions of the United States Bankruptcy Code, we must preliminarily determine whether this court may address the merits of Keene's appeal.

11 U.S.C. § 362(a)(1) provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

*Id.*

■ We point out that this stay includes "appeals in actions that were originally brought against the debtor, regardless of whether the debtor is the appellant or the appellee." *Borman v. Raymark Industries, Inc.,* 946 F.2d 1031, 1033 (3rd Cir.1991). Moreover, the stay may not be waived by either creditor or debtor. *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1206 (3rd Cir.1991). Finally, "[t]he automatic stay's effect on judicial proceedings against the debtor does not depend upon whether the court finds *for* or *against* the debtor." *Id.*

As Keene's appeal arises from an action brought against Keene before the filing of his bankruptcy petition, we must stay Keene's appeal pending the conclusion of the bankruptcy proceedings. Moreover, as the automatic stay applies only to the bankrupt debtor, we must sever Keene from the instant appeal. *See* 11 U.S.C. § 362(a). *See also Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d at 1205. Accordingly, we will proceed with the merits of Fibreboard's and O–I's respective claims in seriatim.

■ Fibreboard first contends that the trial court erred in denying Fibreboard's motion for judgement notwithstanding the verdict. Specifically, Fibreboard contends that as appellees suffered no impairment . to their physical health and lifestyle as a result of their pleural thickening, they suffered no compensable asbestos-related injury. We agree and accordingly reverse and vacate the judgment entered against Fibreboard.

■ Preliminarily, we note that a judgment notwithstanding the verdict may be entered only in a clear case, where after viewing the evidence in the light most favorable to the verdict winner, no two reasonable minds could fail to agree that the verdict was improper. *See Scullion v. EMECO Indus.*, 398 Pa.Super. 294, 299, 580 A.2d 1356, 1358 (1990), *allocatur denied*, 527 Pa. 625, 592 A.2d 45 (1991); *Robertson v. Atlantic Richfield Petro.*, 371 Pa.Super. 49, 58, 537 A.2d 814, 819 (1987), *allocatur denied*, 520 Pa. 590, 551 A.2d 216 (1988). Here, the evidence produced at trial established that appellees Theodore Murray and James Simmons had asymptomatic pleural thickening. N.T. of Dr. Stanley Altschuler, 6/6/91 at 100–103.

This court *en banc* has recently determined that pleural thickening, when asymptomatic does not give rise to a cause of action. *Giffear v. Johns–Manville, Corp., et al.*, 429 Pa.Super. 327, 632 A.2d 880 (1993). The instant consolidated actions preceded this court's decision in *Giffear.* However:

Where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

*Blackwell v. Commonwealth, State Ethics Comm'n*, 527 Pa. 172, 188, 589 A.2d 1094, 1102 (1991) quoting *Commonwealth v. Cabeza*, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

Here Fibreboard argued at trial, in post-trial motions and in this appeal, that their motion for judgment notwithstanding

the verdict should have been granted, as appellees suffered no damages as a result of their asymptomatic pleural thickening and hence had no compensable injuries. This argument mirrors the court's finding in *Giffear:*

> Where we cannot find that one has suffered a symptomatic injury, how is it possible to assess damages? Had Mr. Giffear suffered from discernable physical symptoms, a functional impairment or disability resulting from the pleural thickening, the law supported by the Commonwealth's public policy and economic reason, would clearly recognize that his injury would entitle him to an award of damages. It remains that, but for the fact that x-rays were taken revealing a pleural condition, Mr. Giffear would not have realized that such a condition even existed. It would hardly be fair to compensate him for something that has yet to manifest itself into a functional impairment.... In light of our findings today, there is no reason for the courts to entertain claims based on a discovery of asymptomatic pleural thickening. Without evidence that such a condition is causing ascertainable physical symptoms, impairment, or disability, pleural thickening is a non-compensable injury and, therefore, does not give rise to a cause of action.

*Giffear* at 429 Pa.Super. at 341, 632 A.2d at 887–888. Thus, Fibreboard has preserved the applicability of *Giffear* to the present case. Applying *Giffear,* appellees cannot as a matter of law recover for their asymptomatic pleural thickening. Therefore, the trial court erred in denying Fibreboard's motion for a judgment notwithstanding the verdict. Accordingly, the order of the trial court is reversed and the judgment is vacated as to Fibreboard.[1]

■ O–I has not raised on appeal the issue of the trial court's denial of its motion for judgment notwithstanding the verdict. However, we believe that O–I has also preserved the issue of the application of the holding of *Giffear* to the instant case by its third argument presented on appeal. O–I contends that the trial court erred in denying its motion for remittitur

1. Because of our disposition of this issue we need not consider Fibreboard's other contentions of trial court error.

or in the alternative awarding a new trial. O–I states the following in support of this claim:

> The awards to both Mr. Simmons and Mr. Murray were grossly excessive. Plaintiffs' own medical expert, Dr. Altschuler, testified that neither plaintiff suffered from any physical symptom, including shortness of breath, as a result of any asbestos-related disease or condition. Likewise, there was no claim of any wage loss, medical expenses or other out-of-pocket expenses. Moreover, there was no testimony, or evidence, which demonstrated that either plaintiff was prevented from working in any way as a result of any asbestos-related condition.... Their present injuries which cause no real or substantial impairment, are not a proper basis for the award of such a huge sum.

O–I's Brief at 25–26. This argument presents essentially the same question answered by the court in *Giffear*, i.e., whether it is proper to award damages for an asymptomatic condition. Thus, we believe that O–I has properly preserved the issue of the application of the holding of *Giffear* to the instant case. *See Lampfield v. Keene Corp.*, 428 Pa.Super. 409, 631 A.2d 207 (1993).

 The decision to order remittitur or grant a new trial because of excessiveness of the damages awarded is committed to the discretion of the trial court and will not be reversed absent an abuse of discretion. *Taylor v. Celotex Corp.*, 393 Pa.Super. 566, 595, 574 A.2d 1084, 1099 (1990). Remittitur is proper when it is apparent that "the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants." *Taylor v. Celotex Corp.*, 393 Pa.Super. 566, 594, 574 A.2d 1084, 1099 (1990) (quoting *Daley v. John Wanamaker, Inc.*, 317 Pa.Super. 348, 352, 464 A.2d 355, 357–358 (1983)). A new trial on damages should be granted only if the award is so excessive that it "shocks our sense of justice." *Taylor*, at 593, 574 A.2d at 1098 (quoting *Glomb v. Glomb*, 366 Pa.Super. 206, 216–217, 530 A.2d 1362, 1368 (1987)).

In *Giffear* as stated above, the court held that asymptomatic pleural thickening is no longer a compensable injury in Penn-

sylvania. The trial court therefore abused its discretion in not granting O–I remittitur or in the alternative granting a new trial on the issue of damages. As there was no compensable injury suffered by either appellees, any damages awarded are excessive and shocking to the conscience of the court. In accordance with the reasoning of the *Giffear* decision, we feel it is unnecessary to remand for a new trial on damages and therefore we vacate the judgment as to O–I.[2]

Accordingly, Keene's appeal is stayed pending the conclusion of the bankruptcy proceedings. We vacate that part of the July 23, 1992 judgment as entered against Fibreboard and O–I.

Stayed in part; reversed in part; vacated in part.

JOHNSON, J. files a Dissenting Opinion.

JOHNSON, Judge, dissenting.

First, I must dissent from the determination of the Majority that the asbestos-caused pleural thickening of appellees Murray and Simmons is not compensable as a matter of law. I do so because I am unable to conclude that appellant Fibreboard Corporation has preserved this issue for appellate review.

The Majority holds that the trial court erred in failing to grant the judgment notwithstanding the verdict requested by Fibreboard in that "Fibreboard argued at trial, in post-trial motions and in this appeal, that their motion for judgment notwithstanding the verdict should have been granted, as appellees suffered no damages as a result of their asymptomatic pleural thickening and hence had no compensable injuries." Majority Opinion at 212. In reviewing a motion for judgment notwithstanding the verdict:

> [T]he evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor.... Further, "a judge's appraisement of evidence is

2. Because of our disposition of this issue we need not consider the other issues raised on appeal by O–I.

not to be based on how he would have voted had he been a member of the jury, but on the facts as they come through the sieve of the jury's deliberations."

. . . .

There are two bases upon which a judgment n.o.v. can be entered: one, the movant is entitled to judgment as a matter of law, and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first[,] a court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second[,] the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Moure v. Raeuchle,* 529 Pa. 394, 402, 604 A.2d 1003, 1007 (1992) (quotations and citations omitted). In the present case, the majority concludes that judgment notwithstanding the verdict is compelled as a matter of law based on *Giffear v. Johns–Manville Corp.,* 429 Pa.Super. 327, 632 A.2d 880 (1993); *see* Majority Opinion at 212. Yet, the conclusion of the Majority is stated in a manner indicating that the evidence compels a factual conclusion different from that arrived at by the jury. *See* Majority Opinion at 212–213. Absent an analysis of the evidence which would impel the conclusion that the evidence fails to support the verdict of the jury, this Court is unable to make such a determination. *Moure, supra,* 529 Pa. at 402, 604 A.2d at 1007. Here the Majority not only fails to apply the appropriate standard, but neglects to supply the accompanying analysis.

Even if the Majority had applied the appropriate standard, accompanied by the necessary analysis, I would conclude that this determination of the Majority fails. *Giffear* holds as a matter of law, that asymptomatic pleural thickening is a non-compensable injury. 429 Pa.Super. at 335, 632 A.2d at 884. During the discussion of jury instructions, counsel for Fibreboard conceded that the issue of whether pleural thickening is compensable is "for the jury to decide." N.T. June 10, 1991,

at 1.264; Murray, R.R. 617a; Simmons, R.R. 596a. Once Fibreboard has conceded that the compensability of pleural thickening is a question for the trier of fact, *Giffear* cannot apply. Therefore, I conclude that this issue has not been preserved for appellate review.

In its brief to this Court, Fibreboard maintains that it has preserved the issues raised in this appeal, having taken "exceptions to various trial court rulings (R. 609a–[6]11a), and filed Post–Trial Motions on June 28, 1991 (R. 12a[–22a])." Murray Brief at 5; Simmons Brief at 5. The first pages referenced by Fibreboard encompass exceptions to the jury charge. *See* N.T. June 11, 1991, Afternoon Session at 1.256–1.258; Murray R.R. at 609a–611a; Simmons R.R. at 588a–590a.

In reviewing a claim that the trial court erred in instructing the jury, the proper test is whether the charge in its entirety, against the background of the evidence in the particular case, demonstrated that error was committed which was prejudicial to the complaining party; this Court will not consider portions of the charge out of context or reverse solely on the basis of isolated inaccuracies. *Butler v. Kiwi, S.A.*, 412 Pa.Super. 591, 604 A.2d 270 (1992), *appeal denied*, 531 Pa. 650, 613 A.2d 556 (1992). An erroneous jury instruction may only provide a basis for a new trial if it can be shown that the instruction was fundamentally in error and may have been responsible for the verdict, or if the charge has a tendency to mislead or confuse the issue presented. *Soda v. Baird*, 411 Pa.Super. 80, 600 A.2d 1274 (1991), *appeal denied*, 532 Pa. 665, 616 A.2d 986 (1992). A trial court may properly refuse a requested point for charge when the substance of that request has already been given via a general or specific instruction. *Butler v. Kiwi, S.A., supra.* Moreover, the trial court is not required to use the exact language of a requested point for charge; it need only choose a form of expression which adequately and clearly covers the subject. *Brandimarti v. Caterpillar Tractor Co.*, 364 Pa.Super. 26, 527 A.2d 134 (1987), *appeal denied*, 517 Pa. 613, 539 A.2d 810 (1988).

Fibreboard argues that the trial court failed to instruct the jury that it must find "compensable" pleural thickening in order to award damages to Murray and Simmons. This claim is meritless. The trial court instructed the jury that it must find "compensable asbestos-related disease or injury" in order to award damages to Murray and Simmons. N.T., *supra* at 1.292–1.293, 1.296; Murray R.R. at 645a,–646a, 649a; Simmons R.R. at 624a–625a, 628a. In addition, the trial court accurately defined the term "physical injury" for the jury to enable the jury to understand what constituted a "compensable asbestos-related disease or injury." Here, the trial court gave the jury the substance of the instruction Fibreboard claims was omitted. *Id.* at 1.292–1.293, 1.296; Murray R.R. at 645a; Simmons R.R. at 633a.

Fibreboard also argues that the trial court failed to utilize the language of the jury instructions proposed by Fibreboard. Fibreboard, however, disregards that the trial court has broad discretion in charging the jury and may use any particular language so long as the applicable law is fully and accurately conveyed. *Lilley v. Johns–Manville Corp.*, 408 Pa.Super. 83, 596 A.2d 203 (1991), *appeal denied,* 530 Pa. 644, 607 A.2d 254 (1992). I do not find error in the jury charge.

Fibreboard also contends that the issues have been preserved in its Post–Trial Motions filed on June 28, 1991. R.R. 12a–22a. In these motions, Fibreboard, in essence, asserted that the medical evidence was insufficient to support a claim for damages, raised various complaints with respect to the jury charge, and requested remittitur. Murray at R.R. 12a–22a; Simmons at R.R. 12a–22a. Nowhere do I find an assertion by Fibreboard that "appellees suffered no compensable damages as a result of their asymptomatic pleural thickening and hence had no compensable injuries." In order to preserve an issue for appeal, a litigant must make a timely, specific objection at trial and must specifically raise the issue in post-trial motions; issues not preserved for appellate review cannot be considered by an appellate court even though the alleged error involves a basic or fundamental error. *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority,* 507

Pa. 204, 489 A.2d 1291 (1985). I would find that these issues have not been preserved for appellate review.

Second, I am unable to agree with the determination of the Majority that "Keene [Corporation and Owens–Illinois Glass Company] have also preserved the issue of the application of the holding of *Giffear*" by their assertion "that the trial court erred in denying their motion for remittitur." Majority Opinion at 213–214. In support of the claim that the trial court erred in denying the motion for remittitur, the Majority holds that the following quote from Keene and Owens–Illinois' Brief presents the same question answered in *Giffear*:

> [T]he awards to both Mr. Simmons and Mr. Murray were grossly excessive. Plaintiffs' own medical expert, Dr. Altschuler, testified that neither plaintiff suffered from any physical symptom, including shortness of breath, as a result of any asbestos-related disease or condition. Likewise, there was no claim of any wage loss, medical expenses or other out-of-pocket expenses. Moreover, there was no testimony, or evidence, which demonstrated that either plaintiff was prevented from working in any way as a result of any asbestos-related condition.... Their present injuries, which cause no real or substantial impairment, are not a proper basis for the award of such a huge sum.

Brief of Keene and Owens–Illinois, at 25–26, quoted in the Majority Opinion at 213–214. *Giffear* would be applicable only if this were asymptomatic pleural thickening. However, medical testimony established that both Murray and Simmons had symptomatic pleural thickening in that they had shortness of breath upon exertion. N.T. June 6, 1991, at 50–51, 72, 110; Murray R.R. at 337a–338a, 359a, 396a; Simmons R.R. at 316a–317a, 338a, 375a. In view of this, at the threshold, I would find *Giffear* inapposite.

Moreover, I find it to be unsettling that the Majority would apply this Court's decision in *Giffear v. Johns–Manville Corp., supra,* to these consolidated cases retroactively. The *Giffear* decision itself fails to specify whether the holding is to be applied prospectively only or whether the holding is to be

given retroactive application. The Majority would apply *Giffear* retroactively on the basis that:

> Where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

*Blackwell v. Commonwealth State Ethics Comm'n*, 527 Pa. 172, 188, 589 A.2d 1094, 1102 (1991) quoting *Commonwealth v. Cabeza*, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983). Thus, the Majority would hold that this new rule is to be applied retroactively to all pending cases if the issue has been properly preserved at all stages of the adjudication.

While *Blackwell* states that "although retroactivity is the general rule, a sweeping rule of retroactive application is not justified. Retroactive application is a matter of judicial discretion which must be exercised on a case by case basis." 527 Pa. at 182, 589 A.2d at 1099. As *Blackwell* sets forth:

> The U.S. Supreme Court has viewed the decision of whether to apply a new rule retroactively or prospectively as a function of three considerations: (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule. We have adopted this three-factor standard and apply it when a question of the retroactivity or nonretroactivity of a new decision is before us.

*Id.* at 183, 589 A.2d at 1099 (citations omitted).

*Blackwell* recounts three separate factors that are to be considered in arriving at this determination:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that 'we must * * * weigh the merits and demerits in each

case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.'.... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity.["]

*Id.* at 184, 589 A.2d at 1100, *citing Chevron Oil Company v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 306 (1971).

This Court has not yet expressly considered whether *Giffear* should apply retroactively or prospectively. There has been an assumption that *Giffear* is to be applied retroactively notwithstanding that the issue has not been directly raised before our Court; and, notwithstanding that we have not had the benefit of reasoned argument by the parties on whom the burden of these decisions would fall.

I am unable to deem a request for remittitur sufficient to preserve the question of whether it is proper to award damages for even an asymptomatic condition pursuant to *Giffear.* I fail to see that a request for remittitur has the particularity or precision to adequately preserve this issue. A request for remittitur alone is not sufficient to preserve this issue.

Moreover, I cannot agree that our Court should allow *Giffear* to be applied retroactively, absent considered and reasoned reflection. I would find this adoption of retroactivity particularly disturbing given the volume of these cases throughout the Commonwealth.

Accordingly, I dissent.