**Commonwealth v. Mayberry**

56

C.P. of Lawrence County, no. 1019 of 2004, CR.

*Kathleen Fee-Baird, assistant district attorney,* for Commonwealth.

*Stanley T. Booker,* for defendant.

MOTTO, *P.J.,* January 11, 2010—Before the court for disposition is the defendant's motion for post-conviction collateral relief. Defendant claims that trial counsel was ineffective in failing to adequately cross-examine a prosecution witness, Michael Mayberry, and the victim, Mitzy Mayberry, on prior inconsistent statements. Because this court concludes that the defendant has not met two of the three prongs of the ineffectiveness of counsel standard, defendant's motion for post-conviction collateral relief will be denied.

Defendant was convicted of rape by forcible compulsion, rape of a person less than 13 years old, statutory sexual assault, aggravated indecent assault, incest, indecent assault and corruption of minors. Defendant was sentenced on the above charges to an aggregate term of imprisonment of not less than eight and one-half years nor more than 17 years imprisonment in a state correctional institution to be followed by five years of state supervised probation.

This case was based upon allegations of sexual molestation by Mayberry's daughter, who testified that commencing when she was approximately 9 years old, her father began having forced sexual relations with her over a period of approximately four and one-half years, and, in so doing would handcuff the victim to a bed and engage in acts of sexual intercourse and sexual assault upon her. The victim in this case gave her testimony regarding the charges against the defendant, testifying that when she was approximately 9 years of age, defendant would handcuff her to a bed in their home and would proceed to have sexual intercourse with her. The victim testified that the defendant accomplished his acts by the use of force upon her and by the use of physical restraint. Mayberry would also forcibly place his fingers in the vagina of the victim and would otherwise touch the area of her vagina and kiss the breast area of the victim. The victim's brother, Michael Mayberry, also testified at trial as to having witnessed his father in a compromising position with the victim, which indicated sexual contact. Michael testified that he observed two incidents involving the victim and the defendant. One incident occurred in the bathroom when he observed the defendant with

his hands down his sister's pants. Another occasion was when he had seen through the slats of his sister's door that defendant was hovering over his sister, that he had his mouth on her chest and that she had her shirt up. On that occasion, Michael knocked on the door to disturb them, and, as the defendant was walking out of the room observed the defendant zip up his pants and pull down the victim's shirt.

Defendant argues that Michael Mayberry was not sufficiently cross-examined relative to statements he made to the Laurel school counselor on April 30, 1999. The counselor testified at the PCRA hearing that Michael Mayberry told her that he observed two incidents involving the victim and the defendant; that the victim told him that the first place any sexual conduct occurred with the petitioner was in the shower; that Michael Mayberry never told her that he observed anything between the defendant and the victim occurring in the bathroom; that he only observed two incidents that both occurred in his sister's bedroom where, on the first occasion he saw the defendant zipping up his pants, and the second, where Michael indicated that he saw his father's head between his sister's breasts, but never said that the defendant had his mouth on the victim's breast. Counsel for the defendant introduced into evidence at the PCRA hearing a note partially prepared by the counselor, defendant's exhibit C, that indicated that the first incident that Michael observed was defendant zipping up his pants in his sister's bedroom, and the second incident was that he looked through door slats and observed the petitioner leaning over Mitzy, the note also referencing that the defendant was allegedly zipping up his pants.

In order to be eligible for relief, defendant must prove that the conviction resulted from the ineffective assistance of trial counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. §9543(a)(2)(ii). The burden of proof lies with the defendant to establish by a preponderance of the evidence a basis for relief under the Post Conviction Relief Act, 42 Pa.C.S. §9541 et seq. *Commonwealth v. Rowe,* 411 Pa. Super. 363, 601 A.2d 833 (1992). There is a presumption that counsel has acted effectively. *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981). In order to show ineffective assistance of counsel which has so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, a post-conviction petition must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that, but for the errors and omissions of counsel, there is reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999), *rearg. den.* Here, the court concludes that counsel cannot meet the second and third prongs relative to the alleged failure to properly cross-examine Michael and Mitzy Mayberry.

Defendant has failed to demonstrate that trial counsel had no reasonable strategic basis for his action or inaction in failing to attempt to impeach Michael based upon his prior statements. In fact, it would have been foolhardy for counsel to do so because it would have corroborated Michael's trial testimony, particularly since

Michael was 20 years old at the time when he provided his trial testimony and the prior statements occurred when Michael was attending Laurel High School in the seventh grade. Any attempt to impeach Michael by the statements he made to the counselor would have done more to corroborate his trial testimony by introducing a prior consistent statement, than to impeach him as to whether he observed a bathroom incident. Further, impeachment is proposed by defendant as to Michael's trial testimony that his sister, the victim, did not provide details of the sexual activity while Michael's statement that appears as defendant's exhibit A provides that the victim told him at times he would "lick her shorts area and private area . . . that she had to do 'stuff' to him . . . she had to give him oral sex . . . ." The court does not consider this information so detailed as to constitute a contradiction of his trial testimony, especially where the sexual assault involved activity that occurred over several years and involved sexual intercourse with the victim handcuffed to a bed, and, in any event would have only served to further corroborate the victim's trial testimony, greatly outweighing any impeachment value.

Defendant cannot show that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceeding would have been different. Stated differently, the defendant cannot show prejudice as the result of defendant's counsel's failure to cross-examine Michael on his prior statements. In order to establish prejudice, the defendant must show "counsel's ineffectiveness was of such magnitude that the verdict essentially would have been different absent counsel's alleged ineffectiveness." *Commonwealth v.*

*Howard,* 538 Pa. 86, 100, 645 A.2d 1300, 1308 (1994). See also, *Commonwealth v. Petras,* 368 Pa. Super. 372, 534 A.2d 483 (1987); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Since Michael's statements made to the guidance counselor were substantially similar to his trial testimony, defendant is unable to prove that the outcome of trial would have been any different had such cross-examination had taken place. In so concluding, the court has taken into consideration the quantity and quality of the Commonwealth. Evidence against the defendant, and the fact that highlighting prior complaints of sexual abuse made years before trial could only buttress the Commonwealth's case and serve to negate any argument that the allegations were recently made up, or were made up out of animosity arising because of the separation and divorce of defendant and the mother of Michael and Mitzy.

Similarly, counsel was not ineffective for failing to impeach the victim on her trial testimony that she attended church every Sunday with her mother and brothers, when she told a representative of the district attorney's office that one incident of abuse occurred on a Sunday while her brother and mother were at church and she had decided to stay home. The fact that she had decided to stay home on one occasion when sexual abuse occurred does not make her testimony that she attended church every Sunday with her mother and brothers inconsistent. In fact, the prior statement confirms her trial testimony as it indicates that the Sunday abuse occurred on a day when she had decided not to attend church with her mother and brothers, as she ordinarily would have.

62

Defendant also claims a discrepancy in the victim's testimony was not explored on cross-examination when the victim testified at trial that the first incident of sexual abuse occurred in her father's room when she was handcuffed to a bed; whereas, Michael Mayberry told the counselor that Mitzy told him that the first incident of sexual abuse occurred in the shower. However, since there is no development of the specifics of what Mitzy was referring to as the first incident of sexual abuse, such statement is not necessarily inconsistent with her detailed testimony regarding the sexual intercourse that the defendant would have with her utilizing handcuffs. Thus, defendant cannot necessarily show an inconsistency and to the extent that such prior statement referred to by Michael may be considered an inconsistency, a reference to it would only corroborate that years before the trial, Mitzy had reported sexual abuse to the brother, thus making prior references to reported abuse inconsistent with defendant's interest at trial. Finally, the defendant was not prejudiced, as the introduction of such statements could not have affected the outcome of the case given the quantity and quality of direct evidence from Mitzy and Michael, the extent to which both Mitzy and Michael were cross-examined by trial counsel, and the corroborative effect of such prior statements that would have greatly outweighed any arguable inconsistency.

The court concludes that to the extent that the existence of inconsistencies could have been inferred or argued, attempted impeachment by defense counsel to prior statements made by Michael and Mitzy would have only buttressed the Commonwealth's case and would have done nothing to change the outcome of the trial, requir-

ing the conclusion that trial counsel had a strategic basis not to cross-examine relative to such prior statements, and that the defendant was not prejudiced by trial counsel's failure to cross-examine in the manner herein argued for by defendant. Therefore, the court will by separate order dismiss defendant's motion for post-conviction collateral relief.

## ORDER

And now, January 11, 2010, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged, and decreed that the defendant's motion for post-conviction collateral relief is denied.

The defendant is advised that he has the right of appeal from this decision and that such appeal must be filed within 30 days of this date or the right to file will be lost. The defendant is further advised that he has the right to counsel in filing such appeal and if he is financially unable to employ counsel, counsel will be appointed to represent the defendant at no cost to him.