Frank P. BERTOLINE and
Patricia Bertoline, h/w

v.

ABEX CORPORATION, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

David Harris and Devon Harris, h/w

v.

Anchor Packing Company, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly Known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Wayne Langdon and Patricia
Ann Langdon, h/w

v.

Anchor Packing Company, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

John J. Morley, Jr.

v.

Anchor Packing Company, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Daniel E. Pizzi and Anna
Marie Pizzi, h/w

v.

Anchor Packing Company, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

John F. Stacy and Margaret Stacy, h/w

v.

Anchor Packing Company, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Robert Camaratta and Anne
C. Camaratta, h/w

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Richard J. Grey and Kathleen Grey, h/w

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Bernard Hopkins

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Douglas Andrews

v.

Anchor Packing Company, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Bennie J. Brantley and Marie
Brantley, h/w

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corn-

ing Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Joseph Conville and Jane Conville, h/w

v.

Automotive Safety Equipment, Inc., et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Joseph F. Cooper and Rita Cooper, h/w

v.

Carlisle Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

St. Julius Duggins

v.

Carlisle Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Floyd Wade and Marie Wade, h/w

v.

AM General Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Arnold W. Day

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Robert L. Fortt and Gwendolyn

Fortt, h/w

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Thomas G. Fox and Joyce Fox, h/w

v.

Carlisle Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Robert Hanna and Maxcine Hanna, h/w

v.

Borg–Warner Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

John Kane, Sr. and Anna Marie Kane, h/w

v.

Chester Auto Parts Co., Inc., et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Ihor Komarowski

v.

Anchor Packing Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Edward Long

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Robert A. Stever and Anne Stever, h/w

v.

A.W. Chesterton, Inc., et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Edward Payne and Dorothy Payne, h/w

v.

Abex Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Justino Petaccio and Nancy Petaccio, h/w

v.

Allied Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Kenneth Reid and Vivian Reid, h/w

v.

Allied Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Richard Sands, III and Patricia Sands, h/w

v.

ACandS, Inc., et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Vincent Scimitarra and Carmen Scimitarra, h/w

v.

ACandS, Inc., et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Joseph Sofia

v.

AM General Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Leroy Thomas and Beatrice Thomas, h/w

v.

Allied Corporation, et al.

Appeal of Carlisle Co., Inc., Owens Corning Bridgestone/Firestone, Inc. (Formerly known as Firestone Tire & Rubber Co.) and Lear–Siegler Diversified Holding Corp.

Superior Court of Pennsylvania.

Argued Sept. 2, 1998.

Filed Dec. 14, 1998.

Reargument Denied Feb. 8, 1999.

Ann C. Lebowitz, Philadelphia, for appellants.

Robert E. Paul, Philadelphia, for appellees.

Before DEL SOLE, SCHILLER and BECK, JJ.

BECK, J.:

This is an appeal from an order entered in 30 consolidated asbestos cases. The sole issue presented is whether *Simmons v. Pacor,* 543 Pa. 664, 674 A.2d 232 (1996), in which the Supreme Court confirmed that the emotional distress suffered by asymptomatic plaintiffs who fear they will develop asbestos related cancer is not a recoverable element of damages, is applicable to the cases on appeal.

Appellees initially filed suit for asbestos related injuries at various times in the period from mid–1985 to mid–1987. None of the appellees sought recovery for cancer. As is customary, the trials of appellees' actions were consolidated into several groups and reverse bifurcated. Phase I trials on medical causation and damages were conducted in 1992 and 1993. In every case, the jury was instructed that damages for fear of future contraction of asbestos-related cancer could be recovered. Appellees prevailed and received awards of damages.

Defendants-appellants moved for new Phase I trials, arguing that this Court's opinions in *Marinari v. Asbestos Corp., Ltd.,* 417 Pa.Super. 440, 612 A.2d 1021 (1992), and *Giffear v. Johns–Manville Corp.,* 429 Pa.Super. 327, 632 A.2d 880 (1993), *aff'd sub. nom. Simmons v. Pacor, supra,* had definitively eliminated recovery for fear of cancer in non-cancer asbestos personal injury actions. In orders entered in 1993 and 1994 the three trial court judges presiding over the trials of appellees' cases granted new Phase I trials in which the jury would be instructed that fear of cancer is not a recoverable element of damages.

Appellees immediately appealed from the trial courts' orders granting new Phase I trials. This Court quashed appellees' appeals in a series of orders entered in 1994 and 1995. Shortly thereafter, on April 4, 1996, the Supreme Court issued its opinion in *Simmons* wherein the Court affirmed the Superior Court's opinion (issued under the name *Giffear v. Johns–Manville Corporation*), and held that fear of cancer was not recoverable in a non-cancer asbestos personal injury case.

The trial court then initiated the process of scheduling new Phase I trials in compliance with the previous new trial orders of the trial court. Before the new trials were scheduled, however, the Supreme Court issued its opinion in *Cleveland v. Johns–Manville Corp.,* 547 Pa. 402, 690 A.2d 1146 (1997). In *Cleveland,* the Court addressed whether *Simmons* should be applied retrospectively or prospectively and held that *Simmons* should apply prospectively. Appellees construed *Cleveland* to mean that *Simmons* would not apply

to cases in the procedural posture in which appellees' cases then stood and requested that the trial court reinstate appellees' previous verdicts in the Phase I trials, thereby permitting appellees to recover for fear of cancer. Appellants countered by arguing that *Cleveland* should not be applied to reinstate jury verdicts after the trial court judges had already ordered new trials.

The Honorable Victor J. DiNubile, acting in his capacity as Calendar Judge of the Complex Litigation Center, then entered the following order, from which this appeal is taken:

> AND NOW, this 16th day of May, 1997, the motion pertaining to the scheduling of trials in the above-captioned cases is hereby GRANTED insofar as these trials are to proceed on liability issues only.
>
> This Court declines to schedule the trial of these cases on damages at this time, in light of their procedural history.

In the trial court opinion in support of this order, Judge DiNubile explained that although he did not believe it would be appropriate for him to grant appellees' request, he also did not want to confirm the new Phase I trial orders because of the possible effect of *Cleveland.* Judge DiNubile decided that the better course would be for the Phase II liability trials to go forward and for any defendant who lost in that phase to appeal to this Court for a resolution of the issue regarding the meaning of *Cleveland* and the applicability of *Simmons* in the context of these cases.

Appellants filed a Petition for Review, which this Court granted on August 14, 1997. On May 27, 1998, appellees filed a Motion to Dismiss these appeals, arguing that the opinion filed on May 11, 1998 by a panel of this Court in *McCauley v. Owens–Corning Fiberglas Corp.*, 715 A.2d 1125 (Pa.Super.1998), commanded a result in appellees' favor. On July 7, 1998, this Court denied the Motion to Dismiss without prejudice to appellees' right to renew the motion before the merits panel, which appellees have done.

In reviewing the order on appeal we are presented with a single question. Did the trial court err, as a matter of law, in determining that appellees could proceed with the Phase II liability trials despite the prior trial court rulings granting new damages trials? We find that the trial did not err, and remand for Phase II liability trials.

In *Cleveland v. Johns–Manville Corp., supra*, the Supreme Court defined the applicability of *Simmons* to cases pending on April 4, 1996, the date of the *Simmons* decision. In *Cleveland,* the trial court proceedings were complete, the plaintiff had secured a verdict that included damages for fear and risk of cancer, and the case was pending on appeal before the Supreme Court when *Simmons* was decided. The defendant argued that under *Simmons,* it was entitled to a new trial in which the jury would be instructed that no recovery for fear or risk of cancer was allowed. The *Cleveland* Court refused to send the case back for a new trial, stating:

> In *Simmons,* a case of first impression for our Court, we addressed the issue of whether increased risk of cancer and fear of cancer were compensable in an asbestos action where cancer has not yet developed. We held that a plaintiff asserting a non-cancer, asbestos-related claim could not recover for any part of the damages relating to cancer. This holding abolishes claims for increased risk and fear of cancer where cancer is not present, thus eliminating the recovery of damages based on a speculative future event, the possible occurrence of cancer.
>
> Although we applied our holding to the parties before us in *Simmons,* we did not address whether our holding should be given retroactive effect.
>
> . . . .
>
> We decline to hold, however, that *Simmons* should apply retroactively, . . . . Normally, we apply a new decision to cases pending on appeal at the time of the decision. However, a sweeping rule of retroactive application is not justified. Retroactive application is a matter of judicial discretion and must be exercised on a case by case basis.
>
> . . . .
>
> ...our courts have labored under a backlog of asbestos cases for many years. Requiring new trials in each of the cases on

appeal handled pursuant to the pre-*Simmons* rule would only exacerbate this congestion. Furthermore, we are unwilling to force sick and aging plaintiffs, who waited many years for their awards, back into court to relitigate their claims. . . .

. . . .

Accordingly, we hold that *Simmons* is to be given only prospective effect. To the extent that the Superior Court has applied our decision in *Simmons* or its own decisions in *Murray [v. Philadelphia Asbestos Corp.,* 433 Pa.Super. 206, 640 A.2d 446 (1994)]* and *Giffear* retroactively in other cases, those cases are overruled.

*Id.* at 410–14, 690 A.2d at 1150–52 (citations omitted).

As the foregoing language clearly indicates, the *Cleveland* Court held that *Simmons* is to be given prospective application. In doing so, the Court sought to alleviate the burden of hundreds of asbestos cases pending in the trial courts and to ensure that claims that had already been litigated would stay litigated. Under the clear language of the *Cleveland* opinion, and especially in consideration of the goals the *Cleveland* Court sought to further, we are compelled to conclude that appellants in the instant appeals may not now relitigate their damages phase trials under post-*Simmons* principles. Despite the fact that new damages trials were granted by the trial court judges previously presiding over these cases, the result we reach is mandated by the Supreme Court's most recent statement on the issue.

We find further support for this conclusion in *McCauley v. Owens–Corning Fiberglas Corp.,* 715 A.2d 1125 (Pa.Super.1998),[1] in which a panel of this Court has very recently construed *Cleveland* to mean that *Simmons* is inapplicable to any case commenced prior to the date of the *Simmons* decision.[2] In *McCauley,* plaintiff instituted suit in 1993 for personal injuries arising from asbestos exposure. Plaintiff had been informed in 1985

that he had pleural thickening, but he was not symptomatic at that time. However, the evidence also indicated that in 1991 plaintiff suffered from shortness of breath and had asbestosis. After a damages trial the trial court entered a nonsuit, finding that plaintiff's action was untimely. On appeal, a panel of this Court held that the trial court was correct in entering a nonsuit as to plaintiff's pleural thickening claims, but erred in entering a nonsuit as to any cause of action that might arise from the symptomatic asbestos disease that plaintiff later developed. *Id.,* 715 A.2d at 1131.

In the course of analyzing the statute of limitations issue, the *McCauley* Court determined that it first had to define the substantive law under which plaintiff's action should be considered—i.e. pre-*Simmons* principles or post-*Simmons* principles. The *McCauley* Court concluded that under *Cleveland, Simmons* would apply prospectively and would not apply in any action commenced prior to April 1996, the date *Simmons* was decided. *Id.,* 715 A.2d at 1129.

We recognize, as appellants argue, that *McCauley* was decided on statute of limitations grounds and under the standards applicable to review of an order granting a nonsuit. However, despite the distinctions between the procedural posture of the cases on appeal and *McCauley,* the *McCauley* Court nevertheless interpreted *Cleveland* as severely restricting the applicability of *Simmons.* Thus, *McCauley* lends additional support to our conclusion that *Simmons* does not apply to these cases.

The motion to dismiss is denied. The order of the trial court is affirmed and the cases are remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

---

1. *McCauley* was decided on May 11, 1998, during the pendency of the instant appeals. Shortly after the *McCauley* opinion was issued appellees filed a Motion to Dismiss these appeals, contending that the issues presented were rendered moot by *McCauley.* This Court denied the Motion, but

allowed appellees to renew it before us. We deny appellee's motion.

2. As previously stated, all of the cases on appeal were commenced prior to the *Simmons* decision.