J-E04002-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARGO POLETT AND DANIEL POLETT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| PUBLIC COMMUNICATIONS, INC., ZIMMER, INC., ZIMMER USA, INC., AND ZIMMER HOLDINGS, INC., | |
| Appellants | No. 1865 EDA 2011 |

Appeal from the Judgment Entered June 10, 2011
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2008 No. 02637

BEFORE:  BENDER, P.J., FORD ELLIOTT, P.J.E., BOWES, GANTMAN, DONOHUE, SHOGAN, LAZARUS, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED JUNE 06, 2016**

Appellants, Public Communications, Inc. ("PCI"), Zimmer, Inc., Zimmer USA, Inc., and Zimmer Holdings, Inc. (collectively "Zimmer"), appealed the June 10, 2011 judgment entered in favor of Margo Polett ("Mrs. Polett") and Daniel Polett, her husband (collectively "the Poletts"). Sitting *en banc*, a majority of this Court found three of PCI and Zimmer's six issues to be meritorious.  We, therefore, vacated the judgment and remanded for a new trial, without addressing PCI and Zimmer's remittitur issue. **Polett v. Public Communications, Inc.**, 83 A.3d 205 (Pa. Super. 2013) (*en banc*).

The Poletts sought and were granted allowance of appeal by the Pennsylvania Supreme Court, which reversed our order and remanded for consideration of the remittitur issue. *Polett v. Public Communications, Inc.*, 18 EAP 2014 at *64, ___ A.3d ___, ___ (Pa. filed October 27, 2015). Hence, this matter is before us to address whether "the trial court erred in refusing to remit the jury's compensatory damage award[s]." *Id.* at *1. Upon review, we vacate the compensatory damage awards and remand for a remittitur.

Mrs. Polett underwent knee replacement surgery on June 27, 2006, during which she received an artificial knee manufactured by Zimmer, Inc. Then, on August 23, 2006, Mrs. Polett appeared in a promotional video produced and filmed by PCI during which she rode a stationary bicycle and walked on a treadmill. Shortly thereafter, Mrs. Polett developed synovitis which compromised the mobility and stability of her right knee, resulting in falls, a patellar fracture, and additional surgeries.

Mrs. Polett commenced this litigation in August of 2008. Following a week-long trial, the jury returned a lump-sum verdict for Mrs. Polett in the amount of $26,600,000 and a lump sum verdict for Mr. Polett in the amount of $1,000,000. N.T., 11/22/10, at 5–6. The jury found PCI thirty-six percent negligent and Zimmer thirty-four percent negligent in causing Mrs. Polett's injuries. The jury also found Mrs. Polett thirty percent contributorily negligent. *Id.* at 5. Therefore, the trial court reduced the

Poletts' share of the jury award by thirty percent. After computing delay damages, the trial court entered judgment in favor of Mrs. Polett on her negligence claims in the amount of $19,602,141.23, and in favor of Mr. Polett on his loss of consortium claim in the amount of $700,000. Order, 6/10/11. PCI and Zimmer moved for a remittitur. Motion for Post Trial Relief, 12/2/10, at 20. The trial court refused to remit the awards based on its determination that they were supported by the evidence of record. Trial Court Opinion, 6/10/11, at 51–58.

On appeal, PCI and Zimmer argue that the trial court erred in denying their request for a remittitur. Specifically, they contend that "the trial court cited the factors relevant to a remittitur analysis, but failed to properly apply them. As a result, the trial court reached the flawed conclusion that the verdict was not 'excessive.'" PCI and Zimmer's Brief at 62.

Mrs. Polett did not seek medical expenses, lost wages, or out-of-pocket costs. Rather, she sought non-economic damages in "an amount in excess of local arbitration rules, exclusive of prejudgment interest, costs and damages for prejudgment delay, and such other legal and equitable relief as the Court deems appropriate." Complaint, 8/22/08, at 24. We recognize that each case involving non-economic damages "is unique and dependent on its own special circumstances." **Gbur v. Golio**, 932 A.2d 203, 212 (Pa. Super. 2007).

Pa.R.C.P. 223.3 sets forth what a jury may consider regarding non-economic damages:

> In any action for bodily injury or death in which a plaintiff has raised a claim for a damage award for noneconomic loss that is viable under applicable substantive law, the court shall give the following instructions to the jury.
>
>> The plaintiff has made a claim for a damage award for past and for future noneconomic loss. There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement.
>>
>> * * *
>>
>> In considering plaintiff's claims for damage awards for past and future noneconomic loss, you will consider the following factors: (1) the age of the plaintiff; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the plaintiff to perform basic activities of daily living and other activities in which the plaintiff previously engaged; (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish which the plaintiff has experienced in the past and will experience in the future; (7) the health and physical condition of the plaintiff prior to the injuries; and (8) in case of disfigurement, the nature of the disfigurement and the consequences for the plaintiff.
>
> Note: These instructions may be modified by agreement of the parties or by the court, based on circumstances of the case.

Pa.R.C.P. 223.3; *Hyrcza v. West Penn Allegheny Health Sys.*, 978 A.2d 961, 979 (Pa. Super. 2009). Our Supreme Court has observed that "[d]amages for pain and suffering are compensatory in nature, may not be arbitrary, speculative, or punitive, and must be reasonable." *Haines v.*

*Raven Arms*, 640 A.2d 367, 370 (Pa. 1994). Moreover, "[t]ranslating pain and suffering into monetary figures" is a highly subjective task. *Id.*

In deciding whether a jury award should be remitted, our appellate courts have considered the following factors: (1) the severity of the injury; (2) whether plaintiff's injury is manifested by objective physical evidence or whether it is only revealed by the subjective testimony of the plaintiff; (3) whether the injury will affect the plaintiff permanently; (4) whether the plaintiff can continue with his or her employment; (5) the size of plaintiff's out-of-pocket expenses; and (6) the amount plaintiff demanded in the original complaint. *Kemp v. Philadelphia Transportation Company*, 361 A.2d 362, 364–366 (Pa. Super. 1976).

> Our standard of review from the denial of a remittitur is "circumspect" and judicial reduction of a jury award is appropriate only when the award is plainly excessive and exorbitant. The question is whether the award of damages falls within the uncertain limits of fair and reasonable compensation or whether the verdict so shocks the sense of justice as to suggest that the jury was influenced by partiality, prejudice, mistake, or corruption. Furthermore, the decision to grant or deny remittitur is within the sole discretion of the trial court, and proper appellate review dictates this Court reverse such an Order only if the trial court abused its discretion or committed an error of law in evaluating a party's request for remittitur.

*Renna v. Schadt*, 64 A.3d 658, 671 (Pa. Super. 2013) (citations and some quotation marks omitted); *see also Haines*, 640 A.2d at 369 (setting forth standard for judicial reduction of award). We must review the record in light of the evidence accepted by the jury. *Smalls v. Pittsburgh-Corning Corp.*, 843 A.2d 410, 414 (Pa. Super. 2004).

Here, Mrs. Polett, a sixty-seven-year-old charity volunteer with rheumatoid arthritis and a medical history of knee problems, suffered an injury to her right knee as a result of PCI and Zimmer's negligence. The injury led to loss of motion, falls, a patellar fracture, ruptured tendons, and three additional surgeries. The condition of Mrs. Polett's right knee will not improve. N.T.,11/15/10 (p.m. session), at 27. Mrs. Polett testified that she does not like being so dependent on others and looking so old. N.T., 11/17/10 (p.m. session), at 6. As a result of the injury, she needs a walker and fears falling. She cannot drive. She experiences pain in her right knee and requires assistance with standing and sitting. 11/17/10 (p.m. session), at 6–7, 19. Mrs. Polett misses her independence. *Id.* at 9. The multiple surgeries left an embarrassing scar stretching below, across, and above her right knee. N.T., 11/17/10 (a.m. session), at 101–103, Plaintiffs' Exhibits 4015 & 4016. Clearly, Mrs. Polett was entitled to compensatory damages.

However, upon review of the record before us in light of the evidence accepted by the jury, we conclude that the $26,600,000 jury award of damages to Mrs. Polett was excessive—if not punitive—and "clearly beyond what the evidence warrants." *Murray v. Philadelphia Asbestos Corp.*, 640 A.2d 446, 450 (Pa. Super. 1994). Under the circumstances unique to this case, the $26,600,000 jury award to Mrs. Polett for non-economic losses deviates substantially from the uncertain limits of what is considered fair and reasonable compensation and, therefore, shocks the sense of justice. Thus,

the trial court erred as a matter of law in denying PCI and Zimmer's motion for a remittitur. Accordingly, we vacate the award to Mrs. Polett and remand.

Regarding Mr. Polett's derivative claim, we recognize that a loss-of-consortium claim emerges "from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities." *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 659 (Pa. Super. 2013), *appeal denied*, 86 A.3d 233 (Pa. 2014), *cert. denied*, ___ U.S. ___, 134 S.Ct. 2890 (2014). Such a claim is intended to compensate one for "a loss of services, society, and conjugal affection of one's spouse." *Anchorstar v. Mack Trucks, Inc.*, 620 A.2d 1120, 1122 (Pa. 1993); *Amato v. Bell & Gossett*, 116 A.3d 607, 625–626 (Pa. Super. 2015).

Here, Mr. Polett testified that he is worried about not being able to help his wife. N.T., 11/17/10 (a.m. session), at 100. He explained that she experiences pain and a lack of mobility. *Id.* at 99. She falls and needs help to stand up and sit down. N.T., 11/17/10 (a.m. session), at 99–100, 107. Clearly, Mr. Polett was entitled to compensatory damages given the effect of Mrs. Polett's injury on their marital relationship.

Again, however, upon review of the record in light of the evidence accepted by the jury, we conclude that the $1,000,000 jury award of damages to Mr. Polett was excessive. Under the circumstances of this case, the $1,000,000 jury award to Mr. Polett deviates substantially from the

uncertain limits of what is considered fair and reasonable compensation and, therefore, shocks the sense of justice. Thus, the trial court erred as a matter of law in denying PCI and Zimmer's motion for a remittitur. Accordingly, we vacate the award to Mr. Polett and remand.

Judgment vacated. Case remanded for the trial court to remit the $27,600.000 verdict. Jurisdiction relinquished.

P.J. Bender and Judge Gantman join the Memorandum.

Judge Bowes files a Concurring Memorandum in which Judge Gantman joins.

P.J.E. Ford Elliott files a Dissenting Memorandum Statement.

Judges Donohue, Lazarus, Olson, and Wecht did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016