J-A23030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARGO AND DANIEL POLETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PUBLIC COMMUNICATIONS, INC., | : | |
| ZIMMER, INC., ZIMMER USA, INC. | : | |
| AND ZIMMER HOLDINGS, INC., | : | No. 80 EDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Judgment December 2, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 02637, August Term, 2008

BEFORE:  PANELLA, DUBOW, and RANSOM, JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 15, 2017**

Appellants, Public Communications, Inc., Zimmer, Inc., Zimmer USA, Inc., and Zimmer Holdings, Inc., appeal from the December 2, 2016 Judgment entered in favor of Margo Polett ("Mrs. Polett") and Daniel Polett ("Mr. Polett"), her husband (collectively "Appellees") following remand to the trial court for remittitur of the jury's June 10, 2011 verdict.  We affirm.

The parties are familiar with the facts and we will not restate them at length here.  Briefly, in August, 2008, Appellees commenced this litigation, resulting in a jury verdict of $26,000,000 in favor of Mrs. Polett and $1,000,000 in favor of Mr. Polett.  The jury found Mrs. Polett to be 30% contributorily negligent, so the court reduced the jury's award accordingly, and also added delay damages.  The court entered Judgment on the verdict in the amount of $19,602,141.23 for Mrs. Polett, and $700,000 for Mr. Polett.

Appellants moved for a remittitur, which the trial court denied. On appeal, this Court, citing **Murray v. Philadelphia Asbestos Corp**, 640 A2d 446, 450 (Pa. Super. 1994), concluded that the jury's verdict was "excessive—if not punitive—and clearly beyond what the evidence warrants." We remanded the case for the trial court to remit the verdict. **Polett v. Public Communications, Inc., et al.**, No. 1865 EDA 2011 (Pa. Super. filed June 6, 2016) (unpublished memorandum).

The parties submitted Proposed Findings of Fact and Conclusions of Law Relating to Remittitur on September 16, 2016.

On December 2, 2016, the trial court remitted the verdict against Mrs. Polett by approximately 25%, thus reducing the verdict to $20,600,000. The trial court also remitted the verdict against Mr. Polett by 10%, thus reducing that judgment to $900,000.[1] This timely appeal followed.[2]

Appellants raise the following two issues on appeal:

1. Did the trial court act within its discretion by remitting the jury verdict in Mrs. Polett's favor from $26.6 million to $20.6 million, given the evidence permitting the conclusion that Mrs. Polett suffered devastating, relentless, and life-long injuries from [Appellants'] negligence?

---

[1] The court then molded its remitted $20,600,000 verdict to $15,178,953.42 to reflect Mrs. Polett's 30% contributory negligence and the addition of delay damages. The court also molded Mr. Polett's remitted $900,000 verdict to $630,000 to account for his wife's contributory negligence.

[2] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) Statement.

2. Did the trial court act within it[s] discretion by remitting the jury verdict in Mr. Polett['s] favor from $1 million to $900,000?

Appellants' Brief at 1.

Appellants' issues challenge the trial court's remitted jury verdict; thus, we address them together. Appellants, disappointed by the amount that the trial court remitted the jury's original verdict, claim that the trial court erred by remitting the verdict to an amount that is as conscience-shocking as the jury's original verdict. Appellants' Brief at 24.

In particular, Appellants argue that the court's remitted award remains grossly excessive and disproportionate to Mrs. Polett's injuries given that her claim consisted only of non-economic damages. *Id.* at 26, 36. Appellants assert that, in fashioning the remitted verdict, the trial court failed to consider any comparative jury verdicts, failed to remit the verdict in accordance with the evidence that mitigated a significant damages award, and arbitrarily and without explanation remitted Mr. Polett's verdict by only 10%. *Id.* at 25, 43-45. Citing a host of binding and non-binding cases alike, Appellants aver that a verdict of $1,500,000 or less for Mrs. Polett and $250,000 or less for Mr. Polett would be appropriate. *Id.* at 25-35, 42.

Pa.R.C.P. 223.3 sets forth what a jury may consider regarding noneconomic damages:

In any action for bodily injury or death in which a plaintiff has raised a claim for a damage award for noneconomic loss that is viable under applicable substantive law, the court shall give the following instructions to the jury.

The plaintiff has made a claim for a damage award for past and for future noneconomic loss. There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement.

\* \* \*

In considering plaintiff's claims for damage awards for past and future noneconomic loss, you will consider the following factors: (1) the age of the plaintiff; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the plaintiff to perform basic activities of daily living and other activities in which the plaintiff previously engaged; (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish which the plaintiff has experienced in the past and will experience in the future; (7) the health and physical condition of the plaintiff prior to the injuries; and (8) in case of disfigurement, the nature of the disfigurement and the consequences for the plaintiff.

Note: These instructions may be modified by agreement of the parties or by the court, based on circumstances of the case.

Pa.R.C.P. 223.3; *Hyrcza v. West Penn Allegheny Health System, Inc.*, 978 A.2d 961, 979 (Pa. Super. 2009). Our Supreme Court has observed that "[d]amages for pain and suffering are compensatory in nature, may not be arbitrary, speculative, or punitive, and must be reasonable." *Haines v. Raven Arms*, 640 A.2d 367, 370 (Pa. 1994). The Court also recognized that, "[t]ranslating pain and suffering into monetary figures" is a "highly subjective task." *Id.* However, the verdict resulting from this subjective task still requires support in the evidence presented at trial.

- 4 -

In deciding whether a jury award should be remitted, our appellate courts have considered the following factors: (1) the severity of the injury; (2) whether plaintiff's injury is manifested by objective physical evidence or whether it is only revealed by the subjective testimony of the plaintiff; (3) whether the injury will affect the plaintiff permanently; (4) whether the plaintiff can continue with his or her employment; (5) the size of plaintiff's out-of-pocket expenses; and (6) the amount plaintiff demanded in the original complaint. **Kemp v. Philadelphia Transportation Company**, 361 A.2d 362, 364–366 (Pa. Super. 1976).

"[J]udicial reduction of a jury award is appropriate only when the award is plainly excessive and exorbitant." **Renna v. Schadt**, 64 A.3d 658, 671 (Pa. Super. 2013) (citations and some quotation marks omitted). The decision to grant or deny remittitur is within the sound discretion of the trial court and we will not reverse the decision of the trial court absent a "clear" or "gross" abuse of that discretion or an error of law. **Botek v. Mine Safety Appliance Corp.**, 611 A.2d 1174, 1176 (Pa. 1992).

On appeal, however, the Superior Court is not free to substitute its judgment for that of the fact finder. **Id.** And, we must review the record "in light of the evidence accepted by the jury." **Smalls v. Pittsburgh-Corning Corp.**, 843 A.2d 410, 414 (Pa. Super. 2004) (citation and quotation omitted).

Furthermore, "large verdicts are not necessarily excessive verdicts; each case is unique and dependent on its own special circumstances." **Hyrzca**, 978 A.2d at 981 (citation omitted). When evaluating a request for

remittitur, the trial court must assess whether the award as measured against the evidence introduced at trial "falls within the uncertain limits of fair and reasonable compensation or whether the verdict so shocks the sense of justice as to suggest that the jury was influenced by partiality, prejudice, mistake, or corruption." **Dubose v. Quinlan**, 125 A.3d 1231, 1244 (Pa. Super. 2015), citing **Haines**, 640 A.2d at 369.

In deciding an amount of remittitur, the trial court may reduce a verdict to no less than "the highest amount any jury could properly award" given the evidence produced at trial. **Neal v. Bavarian Motors**, 882 A.2d 1022, 1028 (Pa. Super. 2005).

Given our deferential standard of review, Appellants' claims fail. We discern no gross abuse of discretion in the trial court's remittitur of the instant verdicts by approximately 25% and 10% respectively. The trial court's Opinion reflects that the court followed the direction of this Court, considered the factors set forth in **Kemp**, **supra**, in light of the jury's original verdict, and adjusted the verdict accordingly. **See** Trial Ct. Op., 6/10/11, at 51-58. **See also** Trial Ct. Op., 12/2/16, at 4-6 (noting the following factors that mitigate the jury's original award: (1) Mrs. Polett did not previously work outside the home, thus, she was not entitled to compensation for the loss of this ability; (2) Mrs. Polett was not prevented from engaging in all of her prior activities; (3) Mrs. Polett did not claim losses for medical or out-of-pocket expenses; (4) Mrs. Polett did not suffer amputation or cognitive losses; (5) Mrs. Polett could conduct her activities of daily living, albeit with assistance; (6) Mrs. Polett was

not bed-ridden; (7) Mrs. Polett travelled extensively between 2006 and November 2010; (8) Mrs. Polett suffered from pre-existing rheumatoid arthritis; (9) Mrs. Polett had a medical history of knee problems and prior treatments, including surgery; and (10) Mrs. Polett's age).

Appellants' heavy reliance on the persuasiveness of a survey of other cases with smaller verdicts is unavailing. Appellants have not provided any legal basis on which we can rely in order to consider other jury verdicts when determining whether the trial court abused its discretion, and we are not aware of any precedential authority standing for that proposition.

Last, we note that Appellants insist that Mrs. and Mr. Polett are entitled to verdicts of not more than $1,500,000 and not more than $250,000 respectively. These figures represent a reduction of approximately 95% of Mrs. Polett's original verdict and 75% of Mr. Polett's original verdict. Acceding to this request would require us to substitute our judgment for that of the jury, which we cannot do. ***Botek***, ***supra*** at 1176.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/17</u>